NO. 07-05-0142-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 10, 2006


______________________________



TERRY L. MATTHEWS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2004-487,343; HON. LARRY B. "RUSTY" LADD, PRESIDING


_______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Terry L. Matthews, contends that his conviction for driving while
intoxicated should be reversed due to the erroneous admission of an extraneous offense
during his trial. The evidence appeared on a video memorializing the arrest. It consisted
of appellant telling the arresting officer: "I went through this in New Mexico a while back,
I should have learned my lesson." According to appellant, the statement was evidence of
an extraneous offense and inadmissible under both Texas Rules of Evidence 403 and
404(b). We overrule the issue and affirm the judgment.

 Viewed in context, the statement can reasonably be interpreted as an admission or
confession of guilt by appellant. Simply put, appellant was voluntarily and spontaneously
informing the officer that he was driving while intoxicated while also explaining how he
knew that to be true. So, concluding that the comment was not admitted simply to prove
character conformity fell within the zone of reasonable disagreement, and the trial court did
not abuse its discretion in overruling appellant's 404(b) objection. 

 Nor can we say that the decision to overrule the objection founded upon Rule 403
illustrated an instance of abused discretion. One's confession of guilt is relevant and highly
probative. Moreover, it tends to diminish the likelihood that the factfinder will determine
guilt or innocence on matters unrelated to actual guilt, such as bias, confusion, and the
like. Indeed, the jury can act on the accused's own words. In short, we cannot say the trial
court erred in refusing to hold that irrespective of whatever prejudice or other evil which
may have accompanied the admission, it did not substantially outweigh the probative value
inherent in appellant's own comment regarding his own intoxication.

 Accordingly, we affirm the judgment of the trial court.


 Per Curiam


Do not publish.



 28, 2004, is untimely and
our jurisdiction was not properly invoked.

 Accordingly, this purported appeal is dismissed for want of jurisdiction and Nichols's
motion for reversible and remediable error is moot.


 Don H. Reavis

 Justice